JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Morgan Malachi

## DEFENDANTS
Lamar Square, Inc. d/b/a Old Eagle Tavern

**(b)** County of Residence of First Listed Plaintiff    Philadelphia Co., PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia Co., PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edith Pearce, Esquire, The Pearce Law Firm, 1429 Walnut Street, 14th Floor; Philadelphia, PA 19102; 215-557-8686 (p); 215-557-7226 (f)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991
Brief description of cause:
Discrimination, retaliation, and hostile work environment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $  150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE   12/10/2014
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | |
|---|---|
| MORGAN MALACHI<br>2130 E. Washington Lane<br>Philadelphia, PA 19138<br><br>                       Plaintiff,<br><br>                v.<br><br>LAMAR SQUARE, INC. D/B/A<br>OLD EAGLE TAVERN<br>177 Markle Street<br>Philadelphia, PA 19127<br><br>                      Defendant. | Civil Action No.:<br><br><br><br><br>JURY TRIAL DEMANDED |

*In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.*

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) *Habeas Corpus* – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) *Social Security* – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) *Arbitration* – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) *Asbestos* – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) *Special Management* – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) *Standard Management* – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 12/12/2014<br>**Date** | _____<br>**Attorney for Plaintiff** Morgan Malachi | |
| 215-557-8686<br>**Telephone** | 215-557-7226<br>**FAX Number** | Eapearce@thepearcelawfirm.com<br>**E-Mail Address** |

*(Civ. 660) 10/02*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: <u>Morgan Malachi; 2130 E. Washington Lane, Philadelphia, PA 19138</u>

Address of Defendant: <u>Lamar Square, Inc. d/b/a Old Eagle Tavern: 177 Markle Street, Philadelphia, PA 19127</u>

Place of Accident, Incident or Transaction: <u>177 Markle Street, Philadelphia, PA 19127</u>
(*Use Reverse Side For Additional Space*)

Does this civil action involve a non-governmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No X

Does this case involve multi-district litigation possibilities?   Yes☐   No X

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights (Title VII Race Discrimination)
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Slip and Fall)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, <u>Edith A. Pearce</u>, counsel of record do hereby certify:

 X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

 ☐ Relief other than monetary damages is sought.

DATE: <u>12/12/2014</u>   _____   <u>68753</u>
                          Edith A. Pearce              Attorney I.D.#
                          Attorney-at-Law

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: <u>12/12/2014</u>   _____   <u>68753</u>
                          Edith A. Pearce              Attorney I.D.#
                          Attorney-at-Law

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MORGAN MALACHI<br>2130 E. Washington Lane<br>Philadelphia, PA 19138 | :<br>:<br>: |
| | : Civil Action No.: |
| Plaintiff, | :<br>: |
| v. | : JURY TRIAL DEMANDED |
| | : |
| LAMAR SQUARE, INC. D/B/A<br>OLD EAGLE TAVERN<br>177 Markle Street<br>Philadelphia, PA 19127 | :<br>:<br>:<br>: |
| Defendant. | :<br>: |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as protected by Section 1981(a), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951-963, to correct unlawful employment practices including discrimination, hostile work environment, and retaliation based on race and to provide appropriate relief to Plaintiff Morgan Malachi who was adversely affected by such practices.

Plaintiff Morgan Malachi is an adult female and a member of a protected class based on her race, African American. During her employment with Defendant Lamar Square, Inc. d/b/a Old Eagle Tavern as the head chef of Defendant's restaurant, Defendant subjected Ms. Malachi to regular and pervasive racial discrimination in the work place, all of which created a hostile and offensive work environment for her as a black female. Defendant, by and through the actions of its employees and/or agents, subjected Plaintiff to racial discrimination and retaliation.

Plaintiff is seeking damages and injunctive and declaratory relief from the Defendant for the discrimination inflicted in violation of the Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the PHRA, 43 P.S. §§ 951-963.

Plaintiff duly and timely filed her charges of discrimination with the Pennsylvania Human Relations Commission and cross-filed with the Equal Employment Opportunity Commission on or about August 14, 2013. Plaintiff has complied with all statutory requirements and this matter is ripe for private civil action. More than one year has passed since the filing of the charges of discrimination with the Pennsylvania Human Relations Commission. Plaintiff has requested and received a right to sue letter from the Equal Employment Opportunity Commission. *See* Plaintiff's Right to Sue letter, attached hereto and incorporated herein as Exhibit "A."

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, pursuant to 28 U.S.C. §§ 1331, 1343(a)(1), (3) and (4).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3. Jurisdiction over any state law claims is conferred upon this court by virtue of the Judicial Improvements Act of 1990, 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff Morgan Malachi is an adult individual with a current address of 2130 E. Washington Lane, Philadelphia, Pennsylvania.

5. Defendant Lamar Square, Inc. d/b/a Old Eagle Tavern is a duly organized corporate entity that employs more than 15 employees with its principal place of business located at 177 Markle Street, Philadelphia, Pennsylvania.

6. Defendant is an employer within the meaning of the PHRA.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

8. At all times material hereto, Plaintiff was an employee of Defendant.

## STATEMENT OF CLAIMS

9. Plaintiff Morgan Malachi is a member of a protected class as a result of her race, African American.

10. Plaintiff was hired in or around September 2012 as the head chef of Defendant's restaurant, the Old Eagle Tavern, located at 177 Markle Street in Philadelphia, Pennsylvania, herein referred to as the "premises." At all times, Plaintiff maintained an exemplary performance record.

11. Upon her hire, Defendant informed Plaintiff that should she succeed at the Old Eagle Tavern, she would be awarded the head chef position at a restaurant being opened by Defendant in the Lafayette Hill, Pennsylvania, in mid-2013.

12. At all times material hereto, the Old Eagle Tavern was owned and/or operated by Erin Wallace and Scott Wallace, who are/were husband and wife, and both Caucasian.

13. In or around January 2013, Plaintiff was finishing her shift along with her direct reports, Defendant's kitchen workers, Phillip Brunswick-Simons and Jeremy Gunn, who were both African-American. Also present was Defendant's owner, Scott Wallace, and Defendant's

bar manager, Teegan Mitchell, who were both Caucasian. However, before Plaintiff, Mr. Brunswick-Simons, and Mr. Gunn left for the evening, they were approached by Mr. Wallace, who stated that the three of them [Plaintiff, Mr. Brunswick Simons, and Mr. Gunn] "really blend in to the f-ing walls." At the time Mr. Wallace made this comment, the walls of the premises were a dark brown and Mr. Wallace's tone and inflection clearly indicated that his comment was meant as a racial insult based on the skin color of his three African-American employees.

14. Approximately two days after the comment was made, Teegan Mitchell reported Mr. Wallace's actions to Defendant's owner, Erin Wallace. Mr. Wallace then apologized to Plaintiff, Mr. Brunswick Simons, and Mr. Gunn for his racially motivated comments.

15. However, in or around April 2012, Ms. Wallace falsely accused Mr. Gunn of allowing non-employees into the kitchen area of the premises. In response, Mr. Gunn informed Ms. Wallace that he did not appreciate the false accusations, nor the racially motivated comments made by Mr. Wallace in January. As a result of these complaints, and in furtherance of racial discrimination/retaliation, Mr. Gunn was then terminated by Respondents.

16. The day following Mr. Gunn's termination, in or around April 2012, Complainant approached Ms. Wallace about the reason Mr. Gunn was terminated. In response, Ms. Wallace told Complainant that "if you guys [Plaintiff and the other African-American employees], still have a problem with what Scott [Wallace] said, then maybe we should go our separate ways." In response, Plaintiff, who feared for her job, informed Ms. Wallace that she had 'no problem.' However, Ms. Wallace's comments were clearly an overt threat, insinuating that she would terminate African-American employees should they complain about racial discrimination and/or a hostile work environment. Furthermore, Ms. Wallace's comments created a chilling effect upon any future reporting of racial discrimination by Respondents' employees.

17. In May 2013, Plaintiff also discovered that the head chef position at Defendant's Lafayette Hill restaurant was being awarded to a Caucasian chef who had less experience than Plaintiff. Plaintiff had been extremely successful at the Old Eagle Tavern, had increased Defendant's profits, and had dramatically increased the Tavern's rankings on social review websites, including Yelp.com, all despite the persistent racial discrimination and harassment. Plaintiff asserts that she was denied the promotion to the position of head chef. Defendant's Lafayette Hill restaurant in furtherance of racial discrimination and in retaliation for questioning Ms. Wallace's racially motivated termination of Jeremy Gunn.

18. In or around May 2013, Plaintiff, along with her kitchen staff, consisting of one (1) African-American male and one (1) Hispanic male, were subjected to unwarranted criticism from Defendant's general manager, George, a Caucasian male. Specifically, George falsely accused Plaintiff and her kitchen staff of failing to properly clean the kitchen and remove the garbage. However, the Caucasian employees of the Old Eagle Tavern, consisting primarily of the front-of-house staff, were never subjected to such criticism from Defendant's management.

19. Then, in or around May 2013, in furtherance of racial discrimination, Ms. Wallace falsely accused Plaintiff and the kitchen staff of allowing non-employees in the kitchen area of the premises and forbade Plaintiff, along with the kitchen staff, from having visitors to the restaurant. However, similarly situated Caucasian employees, including Defendant's front-of-house staff, were not subject to this restriction.

20. Then, on or around July 28, 2013, Complainant received a text message from one of Defendant's dish washers, Chris Brown, who was African American. Mr. Brown informed Plaintiff that Defendant's general manger, George, had forbade the kitchen staff (consisting only of people of color) from utilizing Defendant's "one free drink" rule, to take a single beverage

home with them at the end of the shift. However, Defendant's Caucasian employees, consisting primarily of Defendant's front-of-house staff, were not subject to the same restriction. In response, Plaintiff sent a message to George, asking that the matter be resolved.

21. The following day, on or about June 29, 2013, Plaintiff was terminated in furtherance of racial discrimination and retaliation. On that date, Plaintiff was called into a meeting with Erin Wallace and George. During the meeting, Ms. Wallace and George falsely accused Plaintiff of going over her food budget, despite clear evidence that Plaintiff had remained under budget and had actually *increased* Defendant's profits. They also informed Plaintiff that there were going to be some "rule changes" and began to hand Plaintiff a list of new, restrictive policies. In response, Plaintiff informed Ms. Wallace and George that she felt that people of color were unduly targeted by Defendant's policies in furtherance of racial discrimination. Immediately upon Plaintiff mentioning race, both Ms. Wallace and George informed Plaintiff that they "had enough," removed the list of new policies from Plaintiff's hands, and terminated Plaintiff, in furtherance of racial discrimination and retaliation.

22. From September 2012 until Plaintiff's termination on June 29, 2013, Defendant, by and through its employees, agents and/or servants including their owners, managers, and officers, engaged in unlawful employment practices in violation of Section 703(a) (l) of Title VII, 42 U.S.C. § 2000e-2(a) (t), and Section 5 of the Pennsylvania Human Relations Act, 43 P.S. § 955, by subjecting Plaintiff Morgan Malachi to discrimination and retaliation because of her race based on incidents which include, but are not limited to, the above-described.

23. As a result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered a severe loss of her earnings and impairment of her earning capacity and power, all of which may continue for an indefinite time into the future.

24. The actions by Defendant has also resulted in damage to Plaintiff's professional reputation as well as financial, psychological, and emotional injuries. The effect of the practices complained of in the preceding paragraphs have been to deprive Plaintiff, an African American female employee, of a harassment-free work environment, equal employment opportunities, and otherwise affect her status as an employee because of her race.

25. The discrimination, harassment, and retaliation were pervasive and regular because it occurred on a daily basis and did create a hostile work environment for Plaintiff as an African American female.

26. The discrimination, harassment, and retaliation made it extremely difficult for Plaintiff to perform her job, resulted in her termination, and has negatively impacted Plaintiff's professional and personal life, causing her much distress and loss of money.

27. These actions by Defendant, as described above, were intentional and malicious.

28. The unlawful employment practices complained of in the preceding paragraphs were done with reckless indifference to the federally protected rights of Plaintiff as an African American employee.

## LEGAL ALLEGATIONS

### COUNT I

**Unlawful Racial Discrimination, Retaliation, and Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964, as Amended by the Civil Rights Act of 1991, as protected by Section 1981(a)**

29. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, inclusive, as though each were set forth at length herein.

30. Defendant is an employer within the meaning of 42 U.S.C. §§ 2000e(a) and (b).

31. Title VII of the Civil Rights Act of 1964, as amended in 1991, and the regulations promulgated thereunder, make it an unlawful employment practice for an employer to discriminate against any individual with respect to the terms and conditions or privileges of employment on the basis of race. 42 U.S.C. §§ 2000e-2(a)(1).

32. Defendant intentionally discriminated and retaliated against Plaintiff by committing a course of conduct including, but not limited to, the above-described.

33. Defendant forced Plaintiff to endure race-based discrimination, retaliation, and a hostile work environment by committing a course of conduct including, but not limited to, the above-described.

34. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendant, Plaintiff suffered financial injury including, but not limited to, past loss of earnings, future loss of earnings, loss of earning potential, and loss of benefits.

35. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendant, Plaintiff suffered severe emotional and mental injuries including, but not limited to, past and present pain and suffering, humiliation, depression, anxiety, and embarrassment.

36. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendant, Plaintiff suffered physical and emotional injury.

37. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendant, Plaintiff suffered professional injuries including, but not limited to, injury to her professional development, loss of potential positions, and damage to her professional reputation.

## COUNT II

### Violations Under the Pennsylvania Human Relations Act

38. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint, inclusive, as though each were set forth at length herein.

39. Defendant's course of unlawful conduct as above-described discriminated against Plaintiff solely on the basis of her race in violation of the Pennsylvania Human Relations Act. *See* 43 P.S. § 955(a).

40. Defendant forced Plaintiff to endure race-based discrimination, retaliation, and a hostile work environment by committing a course of conduct including, but not limited to, the above-described.

41. Defendant knew or should have known that its employment practices had a disparate impact upon African American employees and failed to stop, continued, and/or encouraged its practice thus aiding and abetting the discriminatory practices by its agents, servants, contractors, workmen, supervisors, managers, and employees in violation of the Pennsylvania Human Relations Act. *See* 43 P.S. § 955(e).

42. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendant, Plaintiff suffered financial injury including, but not limited to, past loss of earnings, future loss of earnings, loss of earning potential, and loss of benefits.

43. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendant, Plaintiff suffered severe emotional and mental injuries including, but not limited to, past and present pain and suffering, humiliation, depression, anxiety, and embarrassment.

44. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendant, Plaintiff suffered physical and emotional injury.

45. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendant, Plaintiff suffered professional injuries including, but not limited to, injury to her professional development, loss of potential promotions, and damage to her professional reputation.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial in this matter.

## REQUESTED RELIEF

Plaintiff Morgan Malachi respectfully prays that this Honorable Court award her the following relief:

    a. Exercise jurisdiction over this matter;

    b. Issue declaratory and injunctive relief finding that the above-described constituted racial discrimination and retaliation;

    c. Award Plaintiff damages, with statutory interest, that are necessary and proper to compensate her for Defendant's discrimination, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives. and lost benefits, injury to reputation, injury to professional development, emotional well-being, humiliation, physical and mental pain and suffering;

    d. Award Plaintiff liquidated damages in the amount of double all damages awarded;

    e. Award Plaintiff punitive damages;

f.  Award Plaintiff reasonably attorney fees and costs; and

g.  Grant such other relief as the Court deems just, proper and equitable, all of which is in excess of $150,000.00.

Respectfully submitted,

_____
Edith A. Pearce, Esquire
Attorney for Plaintiff
1429 Walnut St., 14th Floor
Philadelphia, PA 19102
(215) 557-8686 - phone
(215) 557-7226 - fax
eapearce@thepearcelawfirm.com